# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

CHASSITY RENTIE A/N/F OF D.W. §
A MINOR, and STEPHANIE PAYNE, §
INDIVIDUALLY AND AS §
REPRESENTATIVE OF THE ESTATE §
OF DAMEON CHARLES WILLIAMS, §
*Plaintiffs*, §
 §
REBECCA O'KEEFE and RAYMOND LEE, §
*Intervenors*, §
 §
v. § CIVIL ACTION NO. 4:14-CV-3060
 §
 §
FIRSTFLEET, INC., ROGER ALAN §
EVANGELISTA, and RAYMOND LEE §
AS ADMINISTRATOR OF THE ESTATE §
OF NATALIE LEVINE, §
*Defendants*. §

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Remand. Dkt. 5. Plaintiffs contend that (1) there is not complete diversity among the parties, and (2) Defendant FirstFleet failed to obtain effective consent from all defendants to properly remove the case to federal court. The parties have consented to magistrate jurisdiction. Dkt. 22. After reviewing the record, the Court DENIES the motion.

## BACKGROUND

Plaintiffs Chassity Rentie, as next friend of Demia Williams, a minor child, and Stephanie Payne, individually and as representative of the estate of Dameon Williams, filed this wrongful death lawsuit in Texas state court against Defendants FirstFleet, Inc., Roger Evangelista, and Raymond Lee, as dependent administrator of the estate of Natalie Levine. Plaintiffs allege negligence and various damages arising from a fatal collision in New Mexico

between a vehicle driven by Natalie Levine and a FirstFleet truck operated by Roger Evangelista. Ms. Levine and Mr. Williams were both killed in the crash on their way to Texas.

On October 24, 2014, Defendant FirstFleet removed the case to this Court on the basis of diversity jurisdiction. Dkt. 1. Attached to the Notice of Removal were notices of consent to removal submitted by Roger Oppenheim, counsel for Defendant Roger Evangelista (Dkt. 1, Ex. J), and Neil Levin, a GEICO staff attorney assigned under the insurance policy to defend the Levine estate in this wrongful death action (Dkt. 1, Ex. K). Mr. Levin signed the notice of consent as "ATTORNEY FOR DEFENDANT RAYMOND LEE AS ADMINISTRATOR OF THE ESTATE OF NATALIE LEVINE."

Plaintiffs filed their Motion to Remand on November 24, 2014. Attached to the Motion to Remand was the Affidavit of Raymond Lee, in which Mr. Lee states that Mr. Levin "was not authorized to give consent to remove the case from state court to federal court and/or file the Consent on my behalf as Dependent Administrator of the Estate." Dkt. 5-7 at 2. FirstFleet responded on December 12, 2014. Dkt. 6. The Court held a motion hearing on August 26, 2015, and received supplemental briefing on September 4, 2015. Dkt. 34, 35.

## ANALYSIS

Plaintiffs present two grounds for remand. First, they argue that this Court lacks subject matter jurisdiction because Ms. Levine was a citizen of Texas, thereby defeating diversity because Plaintiffs are domiciled in Texas. Dkt. 5-1 at 2–4. Second, Plaintiffs argue that removal was procedurally improper because Mr. Lee never authorized Mr. Levin to consent to removal and the probate court never approved the consent to removal. Dkt. 5-1 at 4–5.

### A. Jurisdiction

A civil action brought in state court may be removed to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). Original jurisdiction extends to controversies "between Citizens of different States." U.S. CONST. art. III, § 2, cl. 1. Diversity jurisdiction exists only if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (explaining that the citizenship of all plaintiffs must be diverse from the citizenship of all defendants). For a federal court to have diversity jurisdiction, "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citations omitted). The removing party bears the burden of showing that federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted).

To establish state citizenship, a person must be (1) a citizen of the United States, and (2) a domiciliary of the state. *Coury*, 85 F.3d at 248. A person acquires a domicile at birth and cannot change it until he meets two requirements: (1) physical presence at a new location, and (2) an intention to remain at the new location indefinitely. *Id.* at 250. "Thus, a person who has the clear intent to change domicile does not accomplish the change until he is physically present in the new location with that intent." *Id.*

Plaintiffs offer multiple affidavits from individuals asserting that Ms. Levine intended to live in Texas indefinitely. *See, e.g.*, Dkt. 5-2, 5-3. The Court does not reach the question of intent, however, because Plaintiffs offer no evidence to indicate that Ms. Levine satisfied the first requirement of physical presence in the state. Although Ms. Levine might have intended to permanently reside in Texas, the fatal collision in New Mexico prevented her from reaching the

Texas border. Ms. Levine remained a California domiciliary at the time of her death because California was the last state in which she resided with the requisite intent to remain indefinitely.

Where the legal representative of an estate is a party to the suit, the legal representative is a citizen only of the same state as the decedent. 28 U.S.C. § 1332(c)(2); *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 447–48 (5th Cir. 2003). Therefore, as the legal representative of Ms. Levine's estate, Defendant Raymond Lee is deemed a citizen of California and cannot defeat the Court's diversity jurisdiction.[1]

## B. Unanimity of consent to removal

Plaintiffs also argue that removal was procedurally defective because the consent filed on Mr. Lee's behalf was ineffective. Dkt. 5-1 at 5.

To remove an action to federal court from state court, a defendant must file a notice of removal "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). When an action is removed on the basis of diversity of citizenship, the rule of unanimity requires all properly joined and served defendants to consent to the removal. *See* 28 U.S.C. § 1446(b)(2)(A); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). A co-defendant's consent is procedurally valid only if there is "some timely filed written indication from each served defendant, *or from some person or entity purporting to formally act on its behalf in this respect*

---

[1] The Harris County Probate Court No. 4 found that Ms. Levine was domiciled in Harris County, Texas, on the date of her death. *See* Dkt. 5-5. Plaintiffs argue that this Court should defer to this ruling of the probate court in making its diversity determination. *See* Dkt. 5-1 at 4. This argument is without merit. As the Fifth Circuit noted in *Coury*, "Federal common law, not the law of any state, determines whether a person is a citizen of a particular state for purposes of diversity jurisdiction." 85 F.3d at 248. A federal court may entertain actions against a decedent's estate so long as the court does not "interfere with probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Robertson v. Robertson*, 803 F.2d 136, 138 (5th Cir. 1986) (citations omitted). There is no reason to believe that this Court's exercise of jurisdiction will interfere with probate court proceedings.

*and to have authority to do so*, that it has actually consented to such action." *Getty Oil*, 841 F.2d at 1262 n.11 (emphasis added).

In *Getty Oil*, the removing defendant, Insurance Company of North America (INA), stated in its removal notice that co-defendant NL Industries (NL) consented to removal. *Id.* When the plaintiff challenged the validity of the notice, INA argued that the requirements of § 1446 were satisfied by this statement. *Id.* The Fifth Circuit disagreed, noting that the removal petition contained nothing but a statement that NL consented, unsupported by any allegation "that NL has authorized INA to formally (or otherwise) represent to the court on behalf of NL that NL has consented to the removal." *Id.* Simply alleging that a co-defendant consents to removal is not sufficient—§ 1446 requires something "on the record to 'bind' the allegedly consenting defendant." *Id.*

Plaintiffs do not contest that Neil Levin was defense counsel of record for the Levine estate at the time of removal. In fact, Plaintiffs submitted the Affidavit of Darlene Smith, probate counsel for the estate, which objectively establishes that Mr. Levin was viewed as defense counsel for the estate in this matter. *See* Dkt. 35-1 at 2 ("I received a filed stamped copy of Plaintiffs' Original Petition via e-mail, which I forwarded to GEICO Casualty Company . . . requesting them to file an Answer to the petition on behalf of Decedent's estate."). Instead, Plaintiffs present two arguments to attack the validity of the consent filed by Mr. Levin.

First, Plaintiffs argue that because Mr. Lee never gave express permission to Mr. Levin to consent to removal, the notice of consent filed by Mr. Levin was ineffective. Were the Court to find this argument meritorious, however, it would impose new removal standards not required by statute or the Fifth Circuit. *Getty Oil* made clear that sufficient consent to satisfy § 1446(b)(2)(A) requires a timely filed written indication of consent from a person purporting to

have authority to consent to removal on the defendant's behalf. The notice of consent filed by Mr. Levin meets and exceeds this standard. At the time the consent was filed, Mr. Levin was the sole attorney of record for the Levine estate in this matter.[2] Removal to federal court was certainly a strategic choice within his authority as defense counsel to make on behalf of his client.

As § 1446(a) requires, Mr. Levin signed the notice of consent pursuant to Rule 11, which provides that "a pleading need not be verified or accompanied by an affidavit" unless a rule or statute states otherwise. FED. R. CIV. P. 11(a). Plaintiffs' approach would, in practice, require a verified notice of consent every time a defendant wished to remove a case to federal court, lest the removal later be procedurally challenged at the whim of an unhappy client. Neither the statutory removal procedures nor the Fifth Circuit imposes such a requirement.

The *Getty Oil* court interpreted § 1446 as requiring something on the record "to bind" the consenting defendant, filed by a person "purporting to formally act on its behalf in this respect and to have authority to do so." 841 F.2d at 1262 n.11. Plaintiffs submitted the affidavit of Mr. Lee, in which he states that he never gave Mr. Levin permission to file a notice of consent to removal. *See* Dkt. 5-7 at 2. Plaintiffs argue that Mr. Lee's affidavit proves that Mr. Levin was unauthorized to consent and, consequently, the consent was invalid. *See* Dkt. 5-1 at 5. Plaintiffs misinterpret the requirements of *Getty Oil*.

*Getty Oil* does not stand for the proposition that a notice of consent to removal must be verified or that an attorney must seek express permission from his client before consenting to

---

[2] While Mr. Levin represented the estate as a wrongful death defendant, Stephen Heller was later retained to pursue wrongful death claims on behalf of the estate as a plaintiff. Plaintiffs argue that the consent was ineffective because Mr. Levin failed to consult with Mr. Heller before filing the notice of consent. This argument is particularly unavailing because the hiring of Mr. Heller was not approved by the probate court until November 5, 2014, meaning that Mr. Levin remained the sole attorney of record for nearly two weeks after the consent was filed. Moreover, if Mr. Levin did owe an ethical duty to confer with Mr. Heller, the appropriate remedy would be a malpractice claim, not a retroactive invalidation of a facially proper removal notice.

remove his case. In demanding something "to bind" each consenting defendant, the Fifth Circuit was addressing the concern that, absent written indication of each defendant's consent, a single defendant could remove the case by baldly alleging that all co-defendants consented, without *any* authority to take such an action on the allegedly consenting defendant's behalf. *See id.* (emphasizing that INA "does not allege that NL has authorized INA to formally (or otherwise) represent to the court on behalf of NL that NL has consented to the removal"). Unlike the removing defendant in *Getty Oil*, which was not a representative of its co-defendants in any way, Mr. Levin was duly authorized defense counsel for the Levine estate. Therefore, Mr. Levin had authority to make strategic decisions to benefit the estate's defense. Under that authority, Mr. Levin filed a timely consent to removal. That filing was a written indication of consent, from a person purporting to have authority to formally provide it, sufficient to satisfy the requirements of *Getty Oil* and § 1446.

Second, Plaintiffs argue that even if Mr. Lee gave Mr. Levin authorization to consent, the consent was ineffective without probate court approval. *See* Dkt. 35 at 4–5. In support of their argument, Plaintiffs cite exclusively to Texas Estates Code § 351.051(a)(4), which provides that a representative of an estate may, upon probate court authorization, "make a compromise or settlement in relation to property or a claim in dispute or litigation." Black's Law Dictionary (10th ed. 2014) defines "compromise" as "[a]n agreement between two or more persons to settle matters in dispute between them," which is also referred to as a "compromise and settlement." Plaintiffs cite no authority to support their contention that § 351.051 grants the Texas probate courts broad-sweeping control over the manner in which a dependent administrator chooses to defend a claim against the estate. Rather, § 351.051(a)(4) merely expresses the unremarkable

proposition that a personal representative of an estate must seek probate court approval before creating, paying out, or otherwise resolving a liability of the estate.

Consenting to remove a wrongful death action against the estate to federal court does not qualify as the type of compromise or settlement envisioned by § 351.051(a)(4). To find otherwise would read § 351.051 as requiring a probate court to act as *de facto* counsel for the estate in all proceedings for and against it, exercising control over the minutiae of litigation occurring even beyond its jurisdiction and expertise. That could hardly be the intent of the statute.

## **CONCLUSION**

For these reasons, the Court DENIES Plaintiffs' Motion to Remand.

Signed at Houston, Texas, on September 18, 2015.

Stephen Wm Smith
United States Magistrate Judge